ORIGINAL

**3 - 2 2 C V 0 9 2 2 - S**

DS137697

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS  DALLAS DIVISION** PM 4: 19

DEPUTY CLERK____ MS

| | |
|---|---|
| YOUNES LAFDI | ) Case No.: |
| | ) |
| *Plaintiff,*   )  vs. | ) Plaintiffs Original Complaint |
| | ) |
| | ) |
| DAVID HOLMAN, in his individual | ) EXHIBITS 1-3 attached hereto |
| | ) and incorporated herein on |
| and official capacities, | ) Thumb drive 'A' |
| Officer SMITH, in his individual and | ) |
| | ) |
| official capacities, and, | ) |
| CITY of FORNEY, a recognized | ))  Jury Trial Demanded Herein |
| municipality within the state of | ) |
| | ) |
| TEXAS | ) |
| | ) |
| *Defendants,* | )) |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff, Younes Lafdi, in *propia persona* in the above-titled
cause, hereby file this, his Original Complaint for Civil Rights Violations under
U.S.C. 42 §1983 for deprivation of certain of his guaranteed and protected civil
rights relating to the 1st, 4th, and 14th Amendments.

## I.   INTRODUCTION AND OPENING STATEMENT

1.   This is an action brought by Plaintiff, Younes Lafdi, against certain defendant peace officers including the municipality by which they are employed.

2.   Plaintiff was involved in a road rage incident in which he was the victim of another driver. After arriving on scene and observing the Plaintiff and his

parents were Muslim, the key defendant, officer David Holman with an undertone of anger and disregard, violated numerous of this Plaintiff's rights guaranteed and protected by the Federal Constitution.

3.   Holman, *inter alia*, disregarded Plaintiff's dash cam video of the aggressive driver's violent misconduct and then physically snatched plaintiff's phone while he was talking to his wife to obtain a copy of the insurance. Additionally, although Plaintiff was amenable to the requests of the officer, posed no threat, was not aggressive, or argumentative, even invited Holman into the cab of his truck (to view the dashcam), Holman, who was racially motivated aggressively harmed plaintiff. Corporal Smith, another officer called to the scene refused to intervene and render aid when asked for help.

4.   The City of Forney has failed to ensure that its employees, certain peace officers, are properly trained and/or supervised as they acted unfettered, in violation of the Constitution and clearly established law. Because of this

failure Plaintiff's clearly established rights relating to the 1st, 4th, 14th Amendments to

the Constitution were egregiously violated by all Defendants.

## II.    JURISDICTION AND VENUE

5.    Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331 and this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

6.    Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## III.    PARTIES A. Plaintiff

7.     Plaintiff Younes Lafdi, hereinafter "LAFDI", at all times relevant herein, suffered injury while in this District in the City of Forney, Texas.

### B. Defendants

8.    Plaintiff is informed and believes that Defendant, David Holman, Badge #236, hereinafter "HOLMAN", was a peace officer for the City of Forney, Texas and employed by defendant City of Forney, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and

rewarded employee for City of Forney. HOLMAN is being sued in his individual and

official capacities.

9.    Plaintiff is informed and believes that Defendant, Officer Smith,

hereinafter "SMITH", was a peace officer holding the rank of Corporal, for the City of Forney, Texas and employed by defendant City of Forney, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Forney. SMITH is being sued in his individual and official capacities.

10.  Plaintiff is informed and believes that Defendant City of Forney, hereinafter "CITY OF FORNEY", is an incorporated political subdivision within the state of Texas, and can be sued as such person specific to this lawsuit.

## IV.    GENERAL FACTUAL ALLEGATIONS

11.  On Wednesday, November 10, 2021 at approximately 9:30 a.m., in Forney, Texas, Plaintiff and his parents were travelling in Plaintiff's Blue Ford Raptor pickup truck equipped with a dash camera. Plaintiff and his, then visiting, parents from overseas are Muslims. Further, LAFDI is diabetic and has a blood sugar monitor, a Dexcom G6, in the right side of his stomach so that he can monitor his blood sugar.

12. As he entered onto the frontage road, LAFDI made a left lane change and followed behind a late model Chevy SUV, license plate LPR-3527. The driver, of this SUV, Ricardo Escochea, when commencing a left turn, braked heavily and slowed down.

13. Escochea then slowly increased speed and then, as he completed the left turn to go under the I-80 underpass and FM 548, Escochea braked checked again to a complete stop, absent any visible reason, intending to have Plaintiff strike the rear of his car, *see Exhibit '1'*.

14. LAFDI immediately swerved to the right and thus avoided hitting the SUV. LAFDI then, as he was passing the SUV, accelerated past the SUV, Escochea deliberately accelerated and struck the left rear bumper and tire of LAFDI's truck with the right front corner of his SUV. This impact by Escochea caused a "pit maneuver effect", where by LAFDI's truck was pushed to the left and causing it to come to a stop facing left.

15. Escochea immediately began to yell at LAFDI, saying that the truck (an 18-wheeler) was coming to his lane and LAFDI was "driving like an asshole trying to swing around and cut him off", then asked LAFDI to just call the cops. LAFDI then called 911 emergency and reported the accident to the dispatcher. LAFDI then drove to a nearby road and parked his truck on the shoulder. Eschochea drove his SUV behind LAFDI and parked. LAFDI and his parents then exited the truck and waited for the peace

officers to arrive. His mother was wearing clothing easily identifying them as Muslims.

16. At approximately 9:40 a.m. HOLMAN arrived on the scene and initially spoke with Escochea who was parked behind LAFDI. Escochea verbally described an account of the events to HOLMAN which conflict with LAFDI's video recording. Escochea presented a conceal carry permit and his driver's license to HOLMAN, *see Exhibit 2*.

17. , As HOLMAN then spoke with LAFDI. LAFDI explained to HOLMAN what had transpired and invited HOLMAN to view his dash camera video. HOLMAN entered into the passenger side of the truck and viewed the dash camera video with LAFDI in the driver side seat. Escochea was standing off to the left of LAFDI seemingly recording the dash camera video.

18. After reviewing the video HOLMAN stated that it was LAFDI's fault that he was hit. He further told LAFDI, as HOLMAN was becoming agitated, that he needed to see LAFDI's paperwork including his insurance. HOLMAN then exited the truck and LAFDI asked HOLMAN if that is okay for someone to make sudden stops like Escochea did when there are no obstructions. HOLMAN stated "if you hit him from behind it would be your fault".

19. HOLMAN then asked LAFDI if he had been drinking.  HOLMAN stated

that he smelled alcohol while sitting in the passenger seat of LAFDI's truck. There was no alcohol in the vehicle and further, further, LAFDI and his parents are Muslim and do not drink alcohol.

20. LAFDI called his wife on his cell phone and asked her to send a copy of the insurance paperwork to him. As he was talking to his wife, HOLMAN again, asked plaintiff, if he had been drinking. LAFDI looked at HOLMAN, smiled and laughed, then asked his wife, "did you hear that? He is telling me that he smelled alcohol on me and inside (of the truck)."

21. HOLMAN asks LAFDI, "What's funny?" HOLMAN, becoming more agitated, told LAFDI "Get off your phone!". LAFDI stated that he was having his wife send over a copy of the insurance to his phone so that he could comply with his request. HOLMAN then snatched LAFDI's phone from his hand and then walked over to and placed LAFDI's phone on the hood of Escochea's white SUV.

22. HOLMAN then told LAFDI to take his hands out of his pockets to which LAFDI complied as his parents stood by and watched. HOLMAN then told LAFDI that he was going to pat him down for weapons and LAFDI turned with his back towards HOLMAN and placed his hands behind his back.

23. HOLMAN grabbed LAFDI's arm and as LAFDI stood in place, began to aggressively pat down LAFDI's waist band near his blood sugar monitor. HOLMAN placed his hands on LAFDI, twisted his wrist by pulling his

fingers backwards, and then placed the handcuffs on LAFDI. HOLMAN tightened the handcuffs so tightly they caused LAFDI instant pain and injury. LAFDI has been physically unable to exercise since his wrist was injured.  HOLMAN said "don't pull away from me when I am patting you down". LAFDI calmly stated,

"I am not pulling away, I am diabetic and, in my belly...to monitor my sugar."

24.    HOLMAN, made no acknowledgement, and stated that he did not know if LAFDI was armed or not and that "you are not listening to what I am telling

you to do."

25.  LAFDI told him that he was not moving and that he was just standing there. HOLMAN, becoming more agitated, yanked on LAFDI's arm, again, and asked are him if he was armed? LAFDI, again replied that he was not armed, but repeated that he was diabetic. HOLMAN then handcuffed LAFDI and

tightened the cuffs to where they were causing LAFDI intense pain.

26.  HOLMAN told LAFDI that "I am smelling something. It could be that you are diabetic...that a smell of alcohol is coming up from your lungs. I don't know...Well you are not doing what I am asking you to do. Do you have anything that can hurt me?" LAFDI, speaking softly, told HOLMAN that

he can check that he is diabetic. LAFDI had an insulin syringe in the truck. HOLMAN then asked, "Do you have a needle on you?" LAFDI said, "I have a

needle in my belly. You can pull my shirt up and look…it is on the right side of my abdomen."

27. HOLMAN stated that "you're not listening to me. I tell you to get off of the phone and you don't get off the phone…When I tell you to get off of the phone just get off of the phone." When LAFDI, again, stated that he was calling his wife to get the insurance emailed over to him and told HOLMAN that he was unable to do so because HOLMAN took the phone away from him, HOLMAN stated, "Just be quiet and stand right here…the best thing you can do right now is just be quiet."

28. 'You stay right here and I will be right back." HOLMAN then walked away and LAFDI remained standing at the back of his truck while his parents looked on in disbelief.

29. SMITH then arrived on scene. HOLMAN told SMITH in contradiction to the facts that LAFDI had been driving aggressively, acting aggressively, that he had a needle in his pocket, literally ran the driver in the white SUV off of the road. and would not listen to him, but that "LAFDI is calm now". Further, HOLMAN told SMITH that he had LAFDI pretty well penned up. HOLMAN

stated that LAFDI just would not listen to him and would not get off his phone.

30. Additionally, HOLMAN told SMITH: "…And he would not get off his phone…I don't know anything about diabetes." HOLMAN was unknowledgeable as to why LAFDI, a diabetic, would have a needle in his waist band pocket. HOLMAN stated to SMITH "He might have a gun in his console. I haven't checked…but I am sure he has a weapon."

31. SMITH then approached LAFDI. LAFDI told him that the cuffs were on too tight and asked if he would please loosen them. SMITH ignored this request, *see Exhibit 3*. The handcuffs were left in this overtight condition for over 16 minutes. Since this time, LAFDI has had numbness and occasional pain his in hands and wrists.

32. HOLMAN explained to LAFDI that no matter what scenario was presented regarding the road rage incident, he would have been in the wrong. HOLMAN repeatedly stated to LAFDI that he could arrest him for reckless driving and that he was lucky that he didn't arrest him. Additionally, HOLMAN told LAFDI that in the future LAFDI should follow every instruction of the police including "if the police tell you to get off the phone you get off the phone."

33. Since this incident, LAFDI, as a Muslim, now continues to lives in fear of the police and is afraid that he and his family will further be targeted and harassed by the Forney Police and similarly treated.

## V. CAUSES OF ACTION

### CAUSE 1 (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure of Property)

34.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above and incorporates the same as if set forth in full.

35.  HOLMAN knew or should have known that by seizing LAFDI's phone absent a valid warrant, or other valid cause, he violated Plaintiff's protected 4th Amendment right and clearly established law to be free from unreasonable seizures of his property.

36.  In so doing, this Defendant violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

37.  As a direct and proximate consequence of the acts of this Defendant, LAFDI has suffered injury therefrom and is entitled to recover damages accordingly.

### CAUSE 2 (42 U.S.C. § 1983; 14th Amendment Violation- Due Process)

38.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37 above and incorporates the same as if set forth in full.

39.  HOLMAN knew or should have known that it is unlawful and constitutionally violative to seize a citizen's personal property, when not contraband or without due process of law.

40.  Despite having this knowledge, LAFDI's subject cell phone was withheld by HOLMAN without due process of law and he thereby violated Plaintiff's rights relating to the 14[tht] Amendment.

41.  As a direct and proximate consequence of the acts of this Defendant, LAFDI has suffered injury therefrom and is entitled to recover damages accordingly.

### CAUSE 3 (42 U.S.C. § 1983; Violation of 1st Amendment)

42.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 above and incorporates the same as if set forth in full.

43.  In order to impede, stop, or otherwise deter LAFDI from reporting to his wife via his phone the conduct of the encounter with HOLMAN and obtain the insurance proof that HOLMAN requested, HOLMAN took his cell phone from him while LAFDI was in mid-call.

44.  As a direct and proximate consequence of the acts of this Defendant, LAFDI has suffered a violation of his 1st Amendment right and injury therefrom and is entitled to recover damages accordingly.

### CAUSE 4 (42 U.S.C. § 1983; Violation of 4th Amendment- Excessive Force)

45.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 43 above and incorporates the same as if set forth in full.

46.     Defendant HOLMAN knew or should have known that at no time did LAFDI act aggressively, yell, possess any weapon, or otherwise pose any threat to him. Yet, HOLMAN chose to handcuff LAFDI and subject him to acts of excessive force by overtightening the handcuffs to cause injury to LAFDI's wrists and hands and to yank on his arm while in order to inflict injury to his shoulder.

47.     HOLMAN committed these acts to retaliate against LAFDI because LAFDI laughed when telling his wife that HOLMAN said he smelled alcohol in the truck.

48.     As a direct and proximate consequence of the acts of HOLMAN, LAFDI has suffered and continues to suffer injury from the use of excessive force of HOLMAN in violation of his 4th Amendment right and is entitled to recover damages accordingly.

### CAUSE 5 (42 U.S.C. § 1983; Violation of 14th Amendment – Unequal Protection of the law)

49.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 48 above and incorporates the same as if set forth in full.

50.  Defendant HOLMAN knew or should have known that all people within the United States are guaranteed equal protection of the law regardless of race, creed, color, religion, or the like. HOLMAN easily identified LAFDI and his parents as Muslim and of middle-eastern appearance within moments of arriving on scene. HOLMAN violated numerous of the rights of LAFDI because

he racially profiled this plaintiff. In doing so, HOLMAN made a violation of LAFDI's 14th Amendment right to equal protection of the law.

51. As a direct and proximate consequence of HOLMAN's racially profiling LAFDI, LAFDI has suffered a violation of his 14th Amendment right and injury therefrom and is entitled to recover damages accordingly.

### CAUSE 6 (42 U.S.C. § 1983; Violation of 14th Amendment – Failure to InterveneDeliberate Indifference)

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 51 above and incorporates the same as if set forth in full.

53. Defendant SMITH knew or should have known that when LAFDI stated to him that he was in serious pain and needed the handcuffs loosened, he should have evaluated LAFDI's claim. Instead, SMITH acted with complete indifference, failed to intervene, or assist him. LAFDI continues to suffer the effects of the injury from the overtight handcuffs since this date.

54. In doing so, SMITH made a violation of LAFDI's 14th Amendment right when he failed to act and intervene when he could have done so and prevented the unnecessary suffering and injury of plaintiff.

55. As a direct and proximate consequence of SMITH's failure to intervene on behalf of LAFDI, LAFDI has suffered and continues to suffer injury therefrom, in violation of his 14th Amendment right and is entitled to recover damages accordingly.

### CAUSE 7 (42 U.S.C. Sec. 1983 - Monell claim against Defendant City of Forney - -Failure to properly train and supervise –

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 54 above and incorporate the same as if set forth in full.

57. Defendants CITY OF FORNEY, through its supervisors, officers, employees and training, promulgated the making of the unconstitutional acts as outlined in the foregoing causes of action.

58. Defendant CITY OF FORNEY knew or should have known that their training and supervision of their policy makers, employees, and other officers must include clear knowledge of the constitutional nuances relating to their public service. Further, they failed to properly train and supervise their employees to refrain from making unconstitutional actions in violation of the rights of citizens as they have done as described in the foregoing.

59. As a direct and proximate consequence of the acts of this Defendant, LAFDI has suffered and continues to suffer injury therefrom and is entitled to

recover damages accordingly.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this honorable court find that each and every defendant has violated his rights as described.

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

a. Enter judgment against each and every defendant individually named and find them jointly and severally liable;

b. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against all defendants.

c. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in the amount of $100,000.00;

d. Award exemplary damages against all named defendants jointly and severally in the amount of $1,000,000.00, so as prevent any similar type of deprivation of rights in the future against any other citizen similarly situated.

e. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

The relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

I, YOUNES LAFDI, DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY
KNOWLEDGE.

DATED this 25th day of April, 2022.

Younes Lafdi
9452 Blarney Stone Road
Forney, TX. 75126
Phone: ((972) 795-4190
Email:  yns.fit@gmail.com
In Proper Person

Exhibit 1

LAFDI's dash camera video of the 11/10/21 road rage incident – held on
Thumb drive 'A' attached

Exhibit 2

Body Camera Video of Defendant HOLMAN – held on Thumb drive 'A'
attached

Exhibit 3

Body Camera Video of Defendant SMITH – held on Thumb drive 'A' attached

