IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUNES LAFDI | § | |
| | § | |
| v. | § | CASE NO. 3-22-CV-0922-S |
| | § | |
| DAVID HOLMAN, OFFICER SMITH, | § | |
| and CITY OF FORNEY | § | |

**DEFENDANTS DAVID HOLMAN, OFFICER SMITH, AND CITY OF FORNEY'S 12(B)(5) MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND BRIEF IN SUPPORT**

COME NOW Defendants **DAVID HOLMAN, OFFICER SMITH,**[1] and **CITY OF FORNEY**, (hereinafter "Forney Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(5), and file their MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND BRIEF IN SUPPORT, as follows:

**I.
INTRODUCTION, FORNEY DEFENDANTS, AND DEFICIENT SERVICE**

The pro se Plaintiff has sued two City of Forney Police Officers [Officer Holman and Corporal Smith] along with the City of Forney arising a road rage incident between the Plaintiff and another driver occurring November 10, 2021.[2] These Forney Defendants have been ensnared in this litigation due to Plaintiff disagreeing with the Officers' investigation of such accident and the brief detention of Plaintiff at the scene.[3] In his COMPLAINT, Plaintiff decries alleged anti-Muslim sentiment from Officer Holman[4] - although the entire incident was recorded on video rebuking same.

---

[1] Although identified as "Officer SMITH, in his individual and official capacities", Plaintiff subsequently identifies him as "Corporal Smith". Compare, COMPLAINT, DKT. 3, p. 4, paragraph 9 and 2, paragraph 3. For simplicity and purposes of this Motion, such Defendant will be referred to as "Corporal Smith"

[2] See, generally, COMPLAINT, DKT. 3, paragraphs 11-15

[3] See, generally, COMPLAINT, DKT. 3, paragraphs 16-33

[4] See, COMPLAINT, DKT. 3, para. 4-10

Leaving his spurious allegations aside, the Plaintiff's threshold problem is more glaring - neither he, nor his Internet self-promoting "custodian of the court" Jose decastro,[5] have properly served any of these Defendants.  The fatally flawed service of these SUMMONS IN A CIVIL ACTION is not only evidenced by even a cursory review of the PROOF OF SERVICE  [Dkt. 8 and 9] but further underscored by the very video posted online crowing about purported [but clearly defective] service. A copy of such video is attached hereto as Exhibit No. 1.

Through the botched handiwork of the Plaintiff's cohort "custodian of the court" decastro, the SUMMONS were simply dumped with administrative employees in the City of Forney Manager's Office and a technician at the Forney Police Department.[6]  Specifically, the  SUMMONS were merely dropped off with Megan Killingsworth, the executive assistant to the Forney City Manager, and Tamara Osborne, a records technician in the Police Department, neither of whom are authorized to accept federal summons, have it in their job description to do so, nor are they statutorily designated as a proper person for service on a governmental entity.[7]   Indisputably, none of these SUMMONS were properly served on any individual Defendant[8] or a proper representative for the City of Forney. Nor did anyone agree to accept service on the behalf of any of Defendants.[9]  The Court should quash the purported service and dismiss without prejudice all claims against these Defendants.

---

[5]The PROOF OF SERVICE are signed by a "Jose decastro" with an address in Santa Monica, California. See, DKT 8-9.  Presumably he is the same person on the video.  Throughout his video, Mr. decastro spouts his personal skewed beliefs about the law and freely gives bad advice about filing and service of a federal lawsuit.  He also curiously describes himself as a "custodian of the court". See, Ex. 1 at 2:04-2:07.

[6]See, PROOF OF SERVICE, DKT 8-9.

[7]See, TEX. CIV. PRAC. & REM CODE SEC. 17.024(b)("In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer.")

[8]Although PROOF OF SERVICE form has been doctored to fit Mr. decastro's curious actions during his "service attempt", he marked, under penalty of perjury, that he personally served the individual Officers at Forney Police Department and the City at Forney City Hall. See, PROOF OF SERVICE, DKT 8-9.

[9]When attempting to serve the Officers at the Police Department, Tamara Osborne can be heard clearly telling Mr. decastro that the Officers are not there. See, Ex. 1 at 12:53-12-59. He leaves the two SUMMONS anyway.

## II.
## LEGAL STANDARD

A motion brought pursuant to Rule 12(b)(5) seeks dismissal based upon defective service of process. *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012). Under Rule 12(b)(5), defendants may challenge "the method of service attempted by the plaintiff, or the lack of delivery of the summons and the complaint." *Bowman v. Sandofi-Aventis U.S.*, 2009 U.S. Dist. LEXIS 122705, at *3 (W.D. Tex. Apr. 16, 2009). "Once such a motion has been filed, the party serving process has the burden of establishing its validity." *Starrett v. Lockheed Martin Corp.*, 2017 U.S. Dist. LEXIS 152393, at *3 (N.D. Tex. Aug. 16, 2017). When a serving party fails to meet its burden, a court may "exercise its discretion and quash the service and dismiss without prejudice all claims against the improperly-served defendant[s]." *Id.*

## III.
## ARGUMENTS & AUTHORITIES

Plaintiff purports to have served the Forney Defendants. See, PROOF OF SERVICE, DKT 8-9. However Plaintiff, through putative process server decastro, just dumped the SUMMONS with administrative employees working for the City of Forney.[10] As previously discussed above and described more fully below, Plaintiff's service of these SUMMONS is wholly insufficient.

Federal Rule of Civil Procedure 4 establishes the procedure for effectuating valid service of process. *See* FED. R. CIV. P. 4. To effect proper service, "[a] summons must be served with a copy of the complaint," Rule 4(c)(1), and plaintiffs must comply with the rules governing service of process according to the type of defendant plaintiffs seek to serve. See, e.g., Rule 4(e) (delineating rules for serving individuals); Rule 4(h) (delineating rules for serving corporations). Additionally, "[u]nless service is waived, proof of service must be made to the court" in the form of the "server's

---

[10] *Id.* See also, Exhibit 1 at 12:48-15:40.

affidavit." Rule 4(l)(1). "Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." *Steele v. Unicon Grp.*, 2019 U.S. Dist. LEXIS 173712, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019) (Ramirez, J.) (citing *Rogers*, 167 F.3d at 940), rec. adopted, 2019 U.S. Dist. LEXIS 173150, 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019)(Godbey, J.).

The Federal rules do not permit service by leaving documents at a place of business nor at city hall; however, "Rule 4(e)(1) permits a party to 'follow[] state law for serving a summons.'" *Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, 2020 U.S. Dist. LEXIS 84847, at *6 (N.D. Tex. May 14, 2020)(quoting FED. R. CIV. P. 4(e)(1)). Under the Texas Rules of Civil Procedure, a plaintiff may serve defendants by either delivering to the defendant, in person, a copy of the citation, showing the delivery date, and petition or mailing to the defendant[s] by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." *Id.* (quoting TEX. R. CIV. P. 106(a)(1-2)).

Here, Plaintiff's Youtube colluder decastro did none of this. Instead he doctored the form PROOF OF SERVICE[11] to try to contort his actions into valid service upon the Forney Defendants - and in the process has now sworn to this Court under penalty of perjury that he did so. The sophomoric and theatrical attempts playing to an internet crowd do not constitute proper service under the Federal or Texas Rules of Civil Procedure. Due to this inadequacy, respectfully, this Court lacks personal jurisdiction over these Defendants who have not yet been properly served. *See, e.g., Balderas*, 2020 U.S. Dist. LEXIS 84847, at *1. Accordingly, Defendants respectfully request that the Court dismiss the Plaintiff's claims or, in the alternative, order the Plaintiff to properly and timely effectuate service of process as to each particular Defendant.

---

[11]See Generally, PROOF OF SERVICE, DKT 8-9.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **DAVID HOLMAN, OFFICER SMITH,** and **CITY OF FORNEY** pray that the Court grant their MOTION TO DISMISS FOR INSUFFICIENT PROCESS; that it dismiss Plaintiff's claims and pleas for damages, and they have such other relief, at law or in equity, to which it may show themselves entitled.

            Respectfully submitted,

By:   /s/ *Robert J. Davis*
   **ROBERT J. DAVIS**
   State Bar No. 05543500
   **MATTHEWS, SHIELS, KNOTT,**
   **EDEN, DAVIS, & BEANLAND, L.L.P.**
   8131 LBJ Freeway, Suite 700
   Dallas, Texas 75251
   (972) 234-3400 Telephone
   (972) 234-1750 Facsimile
   bdavis@mssattorneys.com

   **ATTORNEY FOR DEFENDANTS**
   **DAVID HOLMAN, OFFICER SMITH,**
   **AND CITY OF FORNEY**

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically filed the foregoing document with the clerk of the Court for the Northern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: None at this time. Additionally, a copy of the foregoing was mailed to the pro se Plaintiff by certified mail, return receipt requested.

        /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**