## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| YOUNES LAFDI | ) Case No.: 3:22-cv-00922-S |
| | ) |
| *Plaintiff,* | ) |
| | ) Plaintiffs Response in Opposition |
| vs. | ) to Defendant's Motion to Dismiss |
| | ) per Rule 12(b)(5) |
| | ) |
| DAVID HOLMAN, *et al* | ) |
| | ) Jury Trial Demanded Herein |
| *Defendants,* | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PER RULE FRCP 12(b)(5)

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff, Younes Lafdi, in *propia persona* in the above-titled cause, hereby files this, his response in opposition to Defendants' Motion to Dismiss per Rule 12(b)(5)[1] and would show this honorable court as follows:

### I.    PROCEDURAL HISTORY

1.    Plaintiff filed his Original Complaint for civil rights violations against the listed defendants for violations of certain of his guaranteed and protected civil

---

[1] FRCP 12(b)(5) – Insufficient service of process.

rights relating to the 1st, 4th, and 14th Amendments to the Constitution, *see Dkt. #3*, 4/26/22.

2.    On 6/29/22 service of Plaintiff's Original Complaint and the associated Summonses were executed upon the defendants and the proof of service was filed on 7/1/22, *see Dkt. #8-9.*

3.    On 7/15/22, Defendants through counsel filed their Motion to Dismiss per Rule 12(b)(5), *see Dkt. #10,* to which Plaintiff hereby responds.

## II.    MEMORANDUM

4.    "**The core function of service** is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Marlin v. Sterling McCall Toyota*, No. H-08-912, 2008 U.S. Dist. LEXIS, at *3 (S.D. Tex. Jun. 26, 2008) (quoting *Henderson v. United States*, 517 U.S. 654, 672 (1996)). 'Service requirements under [the Federal Rules of Civil Procedure] are construed liberally when a party ... has received actual notice.' *Id.* (quoting *Candelaria v. Erikson*, No. 01-8594, 2005 U.S. Dist. LEXIS 12840, at *7 (S.D.N.Y. June 28, 2005)). In fact, the "Fifth Circuit has construed the provisions of Rule 4 broadly when the defendant received notice of the suit." *Id.* at *4 (citing *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967))."

5.    "Under the Federal Rules of Civil Procedure, a state-created governmental organization is properly served by either "delivering a copy of the summons

and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).(citation omitted)

6.    As listed on the City of Forney website[2] under the sub-heading "Government" it states that:

> "The Council/Manager form of government provides that the Mayor and the Forney City Council appoint and supervise a city manager who is the *chi*ef executive officer of the city."

7.    Service of the process upon Megan Killingsworth, Executive Assistant to the City Manager of the subject defendant, City of Forney, provided actual notice to the City of Forney that said entity is a defendant in this lawsuit. Additionally, the City of Forney received actual notice of the suit on this same date as described, and that the suit lists two of its employees, HOLMAN and SMITH, being sued *inter alia* in their official capacities.  This service was acknowledged by the defendants*, Dkt. #10, p. 2 ¶2.*

8.    HOLMAN and SMITH are being sued in their individual and official capacities and service was timely made upon them at their known place of business, the City of Forney Police Department on 6/29/22. Despite the officers not being present at the station as they are usually out on patrol when on duty,

---

[2] City of Forney, TX website address - *https://www.forneytx.gov/27/Government*

the process was presented to Tamara Osborne, an employee for this department who was working at the front counter in the lobby area. Notice of the suit was thereby made to these defendants a second time.

9.     If this first effort is not deemed acceptable to this court. *See Monroe, 2002 WL 413866, at \*3*; *see also Grant-Brooks, 2002 WL 424566, at \*4* ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant' ") (citing *Stanga v. McCormick Shipping Corp.*, 268 F. 2d 544 (5th Cir. 1959), in light of the attempted service and his *pro se* status, Plaintiff should be provided with an additional opportunity to serve the defendants.

## III.     CONCLUSION

10.  Defendants have a fundamental misapprehension of the purpose for the rules of service per FRCP 4. The defendants do not contest that they received actual notice in a manner and time and by means in which they have been afforded a fair opportunity to answer the complaint by presenting defenses and objections.

11.  Plaintiff believes that the service was accomplished in good faith and fairness and in consideration of the Fifth Circuit's broad construing of the provisions of Rule 4.  Simply put, HOLMAN, SMITH, and CITY OF FORNEY received timely actual notice of this suit which lists them as defendants and grants this court jurisdiction over them.

12.   Based on the foregoing Defendant's motion to dismiss under Rule 12(b)(5) should be DENIED and all defendants should be held to answer Plaintiff's Original Complaint.

/s/ *Younes Lafdi*
Younes Lafdi
9452 Blarney Stone Road
Forney, TX. 75126
Phone: (972) 795-4190
Email:  yns.fit@gmail.com
In Proper Person

### CERTIFICATE of SERVICE

I, Younes Lafdi, does hereby certify that on August 5, 2022, I electronically filed the foregoing document with the clerk of the Court for the Northern District, using the ECF system of the Court. Further, acceptable service of said document was made via email through this court's ECF system to the attorney(s) of record.

/s/ *Younes Lafdi*
Younes Lafdi