IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUNES LAFDI | § § § | |
| v. | § § | CASE NO. 3-22-CV-0922-S |
| DAVID HOLMAN, OFFICER SMITH, and CITY OF FORNEY | § § § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR 12(B)(5) MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND BRIEF IN SUPPORT**

COME NOW Defendants **DAVID HOLMAN, OFFICER SMITH,** and **CITY OF FORNEY**, ("Forney Defendants") and file their REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND BRIEF IN SUPPORT, as follows:

## I.
## PLAINTIFF'S REPLY UNDERSCORES HIS DEFICIENT SERVICE

Service of process upon a defendant in a federal lawsuit is not so simple as delivering a Christmas card. Federal law sets forth requirements for plaintiffs [even those proceeding *pro se*] that are meticulous. Plaintiff, or more precisely inept self-professed process server Jose decastro, wholly failed herein.

The Plaintiff's RESPONSE IN OPPOSITION TO DEFENDANT'S [sic] MOTION TO DISMISS PER RULE FRCP 12(b)(5) [Dkt. 13] (hereinafter "RESPONSE") crows that "Summonses were executed upon the defendants and proof of service was filed on 7/1/22, see Dkt. #8-9."[1] He remains incorrect. Plaintiff does not, because he cannot, claim decastro <u>personally</u> served Officer Holman, Corporal Smith, or any authorized agent for the City. The video clearly confirms otherwise. Rather, Plaintiff incorrectly avers that "actual notice" is somehow sufficient. It is not. Dismissal should follow.

---
[1] Plaintiff's RESPONSE [Dkt. 13], paragraph 2, p. 2

## II.
## PURPORTED "ACTUAL NOTICE" IS NOT SUFFICIENT TO CURE FAILED SERVICE

Unlike horseshoes or hand grenades, "close" does not count when it comes to service of a federal SUMMONS. Here, Plaintiff pins his hopes on tossed SUMMONS which all missed the mark. Instead of properly serving the two Police Officers and an authorized City of Forney representative,[2] YouTube sensationalist decastro paraded into the Police Department and City Hall and dropped off SUMMONS to persons who were not authorized to receive same.[3] Plaintiff now desperately clings to the mistaken belief that purported "actual notice" of the lawsuit is sufficient to satisfy service rules. Even his garbled recitation of case law does not support such a proposition.

"Due process under the United States Constitution requires that before a court may exercise personal jurisdiction over a defendant, there must be **more than notice to the defendant** and a constitutionally sufficient relationship between the defendant and the forum." *Winegarner v. Cinemark USA,* No. 3:08-CV-2232-N, 2009 U.S. Dist. LEXIS 93122, 2009 WL 3199508, at *3 (N.D. Tex. Oct. 5, 2009)(citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987))(emphasis added). Simply put a "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir. 1988).

Plaintiff's reliance on "actual notice" as a substitute for proper service is simply misplaced. He offers nothing to prevent this Court from concluding that none of the Forney Defendants were correctly served with SUMMONS - under even the most broad construction of Rule 4.

---

[2] This would be the Mayor, City Clerk, City Secretary, or City Treasurer. See, TEX. CIV. PRAC. & REM CODE SEC. 17.024(b)

[3] See, Plaintiff's RESPONSE [Dkt. 13], paragraph 7, p. 3 (describing delivery to "Megan Killingsworth, Executive Assistant to the City Manager") and paragraph 8, p. 3-4 (relaying that the summonses for Officer Holman and Corporal Smith were "presented to Tamara Osborne, an employee for this department who was working at the front counter in the lobby area.").

## IV.
## PLAINTIFF DOES NOT SHOW GOOD CAUSE FOR HIS FAILURE TO SERVE

Plaintiff chides that "Defendants have a fundamental misapprehension of the purpose for the rules of service per FRCP 4."[4] Continuing, "Plaintiff believes that service was accomplished in good faith and fairness and in consideration of the Fifth Circuit's broad construing of the provisions of Rule 4."[5] He urges that "[i]n light of the attempted service and his *pro se* status, Plaintiff should be provided with an additional opportunity to serve the defendants."[6] Plaintiff has failed to show any good cause for his failure to properly effectuate service, and thus, his request should be denied.

"Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting Fed. R. Civ. P. 4(m); citing *Gartin v. Par Pharm. Cos., Inc.,* 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Id. (quoting *Gartin*, 289 F. App'x at 692). The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. *Faretta v. California,* 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2540, 45 L. Ed. 2d 562 (1975). Importantly, pro se litigants are not absolved from compliance with the requirements of Rule 4. *System Sign Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); see also, *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)(same).

---

[4] See, Plaintiff's RESPONSE [Dkt. 13], paragraph 10, p. 4

[5] See, Plaintiff's RESPONSE [Dkt. 13], paragraph 11, p. 4

[6] See, Plaintiff's RESPONSE [Dkt. 13], paragraph 9, p. 4

Plaintiff's entreaty to the Court for more opportunity at service rings particularly hollow. On April 26, 2022, Plaintiff filed his *pro se* complaint and paid the $402 filing fee. [Dkt. 3]. Thus, Plaintiff was responsible for effecting service of process on all Defendants by July 25, 2022. *See,* FED. R. CIV. P. 4(m)(requiring that a defendant be served within 90 days after the complaint is filed). Plaintiff was expressly "placed on notice that service of process must be accomplished within 90 days of filing, unless good cause is shown, or this case may be dismissed. See Fed. R. Civ. P. 4(m)." See, ELECTRONIC ORDER of April 28, 2022, Dkt. 5. There were multiple opportunities to serve these Defendants yet Plaintiff squandered his chances to do so by relying on the contumacious "clerk of the court" decastro's single [albeit bungled] effort to effectuate service. Plaintiff should not be rewarded for his - or really decastro's - desultory disregard of the rules regarding service.

Equally telling is that since the filing of Defendants' MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND BRIEF IN SUPPORT Plaintiff and his ally decastro have done nothing to remedy their defective service. In a giddy rush to solicit Internet comments and post the service gone awry video, the concern for complying with the Federal rules of procedure fell to the wayside.

Plaintiff's assertion of "acting in good faith and fairness" is further rebuked by the spurious allegations underlying this litigation. Recall that he has sued two City of Forney Police Officers along with the City of Forney arising a road rage incident between Plaintiff and another driver occurring November 10, 2021.[7] Today, August 12, 2022, a jury unanimously and swiftly convicted Plaintiff of the criminal offense underlying this road rage incident and imposed maximum sentence. A copy of the JUDGMENT AFTER JURY VERDICT in the case styled *State of Texas v. Younes Lafdi*, Cause No. 2101672, in the Municipal Court Of Record No. 1 of City of Forney, Texas, is attached hereto as Exhibit No. 1.

---

[7]See, generally, COMPLAINT, DKT. 3, paragraphs 11-15

Plaintiff was required to show excusable neglect, as well as establish good faith and a reasonable basis for not serving the SUMMONS and complaint within the time allowed by the rules. *System Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff does none of this. Dismissal is certainly appropriate at this juncture.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **DAVID HOLMAN, OFFICER SMITH,** and **CITY OF FORNEY** pray that the Court grant their MOTION TO DISMISS FOR INSUFFICIENT PROCESS; that it dismiss Plaintiff's claims and pleas for damages, and they have such other relief, at law or in equity, to which it may show themselves entitled.

Respectfully submitted,

By:   /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS, & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400 Telephone
(972) 234-1750 Facsimile
bdavis@mssattorneys.com

**ATTORNEY FOR DEFENDANTS**
**DAVID HOLMAN, OFFICER SMITH,**
**AND CITY OF FORNEY**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically filed the foregoing document with the clerk of the Court for the Northern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: None. Additionally, a copy of the foregoing was mailed to the pro se Plaintiff by certified mail, return receipt requested.

  /s/ *Robert J. Davis*
**ROBERT J. DAVIS**