IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUNES LAFDI, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-922-S-BK |
| | § | |
| DAVID HOLMAN, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the

undersigned United States magistrate judge for pretrial management.  Doc. 1.  Now before the

Court is *Defendants David Holman, Officer Smith, and City of Forney's 12(b)(5) Motion to

Dismiss for Insufficient Process and Brief in Support*.  Doc. 10.  Upon review, Defendants'

motion should be **GRANTED IN PART** to the extent stated herein.

### I. BACKGROUND

On April 26, 2022, Plaintiff filed this *pro se* civil action against the City of Forney (the

"City") and City police officers Holman and Smith (the "Officers"), alleging civil rights

violations pursuant to 42 U.S.C. § 1983.  Doc. 3 at 1.  On June 29, 2022, Plaintiff attempted to

serve Defendants by leaving summonses with the City Manager's executive assistant and a

Forney Police Department ("FPD") records technician.  Doc. 10 at 2.  In response, Defendants

move to dismiss Plaintiff's claims for insufficient service of process under Rule 12(b)(5) of the

Federal Rules of Civil Procedure.  Doc. 10.

**II. APPLICABLE LAW**

Without proper service of process, the court lacks personal jurisdiction over a defendant.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Rule 12(b)(5)

permits a challenge to the method of service attempted by a plaintiff. *See* FED. R. CIV.

P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the

service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012). For service to be

effective, plaintiffs are expected to comply with the mandates of Federal Rule of Civil Procedure

4. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (finding that *pro se* litigants are not

exempt from compliance with the rules of service).

Rule 4(m) permits a court to either dismiss a suit without prejudice "or order that service

be made within a specified time" if the plaintiff fails to properly serve a defendant within 90

days of filing a complaint. FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the

failure, the court must extend the time for service for an appropriate period." *Id.* "A *pro se*

plaintiff bears the burden of proving the validity of service or good cause for failure to effect

timely service." *Lawson v. Jason Pharms., LLC*, No. 3:17-CV-2648-L-BT, 2018 WL 4103434,

at *1 (N.D. Tex. Aug. 13, 2018) (Rutherford, J.).

**III. ANALYSIS**

Defendants argue that Plaintiff failed to satisfy Rule 4's service requirements because the

process server left the documents with the City Manager's executive assistant and an FPD

records technician rather than serving Defendants personally or through the proper

representative. Doc. 10 at 2. Plaintiff avers the service was sufficient, as it provided Defendants

with actual notice of the suit and was made "in good faith." Doc. 13 at 3-4. If the Court finds

Case 3:22-cv-00922-S-BK    Document 15    Filed 01/10/23    Page 3 of 6    PageID 59

that the service of process was not properly executed, however, Plaintiff requests another

opportunity to serve Defendants.  Doc. 13 at 4.  Defendants oppose this request.[1]  Doc. 14 at 4.

### A. *Validity of Service*

Plaintiff does not meet his burden of showing he validly served Defendants.  *See Sys.*

*Signs Supplies v. U.S. Dep't of Just., Wash., D.C.,* 903 F.2d 1011, 1013 (5th Cir. 1990) (finding

that "[w]hen service of process is challenged, the serving party bears the burden of proving its

validity or good cause for failure to effect timely service.").  That Plaintiff's method of service

provided Defendants with actual notice does not establish that service was valid.  *See Way v.*

*Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)) ("The defendant's actual notice of the

litigation . . . is insufficient to satisfy Rule 4's requirements.").

> A state, a municipal corporation, or any other state-created governmental
> organization that is subject to suit must be served by: (A) delivering a copy of the
> summons and of the complaint to its chief executive officer; or (B) serving a copy
> of each in the manner prescribed by that state's law for serving a summons or like
> process on such a defendant.

FED. R. CIV. P. 4(j)(2).   Under Texas law, "in a suit against an incorporated city . . . citation may

be served on the mayor, clerk, secretary, or treasurer."  TEX. CIV. PRAC. & REM. CODE §

17.024(b).

Here, Plaintiff's service on the City Manager's executive assistant and a records

technician, rather than the City's chief executive officer or other person holding a position listed

in section 17.024(b), fails to comply with Rule 4(j)(2).  *See* FED. R. CIV. P. 4(j)(2); TEX. CIV.

---

[1] Although in their reply, Defendants assert their opposition to Plaintiff receiving "more opportunity at service,"  Doc. 14 at 4, in the motion *sub judice*, Defendants requested "the Court dismiss Plaintiff's claims *or, in the alternative, order . . . Plaintiff to properly and timely effectuate service of process as to each particular Defendant*."  Doc. 10 at 4 (emphasis added).

3

PRAC. & REM. CODE § 17.024(b). As such, Plaintiff's service of process on the City was

insufficient.

As for service of process over the Officers, the Federal Rules of Civil Procedure provide

that

> an individual . . . may be served in a judicial district of the United States by
> (1) following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where service
> is made; or (2) doing any of the following: (A) delivering a copy of the summons
> and of the complaint to the individual personally; (B) leaving a copy of each at
> the individual's dwelling or usual place of abode with someone of suitable age
> and discretion who resides there; or (C) delivering a copy of each to an agent
> authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Under Texas law, "the citation must be served by: (1) delivering to the

defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the

citation and of the petition." TEX. R. CIV. P. 106(a).

In this instance Plaintiff did not satisfy Rule 4(e), as he attempted to effectuate service at

the Officers' workplace on a person who was not authorized to receive service. *See* FED. R. CIV.

P. 4(e). Accordingly, Plaintiff's service of process on the Officers was insufficient. Therefore,

Plaintiff fails to meet his burden to show he validly served Defendants.

### B. Good Cause for Failure to Validly Serve

When a district court considers a request to extend time for service, it must first

determine whether good cause exists. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "If

good cause is present, the district court must extend time for service. If good cause does not

exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or

extend time for service." *Id.* (emphasis in original).

Good cause under Rule 4(m) requires at least a showing of excusable neglect, in "which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ." *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (stating that Rule 4(m) normally requires "some showing of good faith 'of the party seeking enlargement and some reasonable basis for noncompliance within the time specified.'"); *see Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (finding that a plaintiff's *pro se* status and ignorance of the law does not constitute good cause for failure to effect service in compliance with the rules).

In this case, Plaintiff has not demonstrated good cause for his failure to properly serve Defendants within 90 days of filing his complaint by arguing, *in toto*, that he "believes that the service was accomplished in good faith and fairness and in consideration of the Fifth Circuit's broad constru[ction] of the provisions of Rule 4." Doc. 13 at 4.

Notwithstanding Plaintiff's failure to demonstrate good cause and Defendants' equivocal opposition to Plaintiff having another opportunity to effect service, the Court has not previously held that Plaintiff's attempts at service of process were deficient or extended Plaintiff's deadline to effectuate proper service. *Cf. Styles v. McDonalds Rest.*, No. 4:17-CV-291-ALM CAN, 2019 WL 2266636, at *5 (E.D. Tex. Jan. 28, 2019) (granting the defendant's Rule 12(b)(5) motion to dismiss as the court previously extended the plaintiff's deadline to serve and enumerated reasons why her previous service attempt was ineffective); *Gartin*, 289 Fed. App'x at 691-94 (denying the plaintiff's extension to serve due to his "clear pattern of delay and neglect" in serving process despite prior warnings of dismissal). Thus, in its discretion, the Court should grant Plaintiff's request to extend the to properly effectuate service. *See Thompson*, 91 F.3d at 21.

## IV. CONCLUSION

For the foregoing reasons, *Defendants David Holman, Officer Smith, and City of Forney's 12(b)(5) Motion to Dismiss for Insufficient Process*, Doc. 10, should be **GRANTED IN PART**. The Court should hold in abeyance its ruling on the motion and extend the period for Plaintiff to properly effectuate service of process on Defendants for 21 days from the date of its acceptance of this recommendation. In the event Plaintiff fails to properly serve any Defendant by that deadline, however, at Defendants' re-urging, this case should be **DISMISSED WITHOUT PREJUDICE** as to the Defendant or Defendants not properly served.

**SO RECOMMENDED** on January 10, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).