IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOUNES LAFDI, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-922-S-BK |
| | § | |
| DAVID HOLMAN, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is *Defendants Holman, Smith and City of Forney's Renewed 12(b)(5) Motion to Dismiss for Insufficient Process and Brief in Support*. Doc. 17. As detailed here, Defendants' motion should be **GRANTED**.

I. BACKGROUND

On April 26, 2022, Plaintiff filed this *pro se*, fee-paid civil action against the City of Forney ("City") and City police officers Holman and Smith ("the Officers"), alleging civil rights violations occurring in November 2021, pursuant to 42 U.S.C. § 1983. Doc. 3 at 1. On June 29, 2022, Plaintiff attempted to serve Defendants by leaving summonses with the City Manager's executive assistant and a Forney Police Department records technician. Doc. 10 at 2. In response, Defendants moved to dismiss Plaintiff's claims for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Doc. 10. Upon the recommendation of the undersigned, and absent any objection to the same, the district judge granted Defendants' motion in part—extending the deadline for Plaintiff to effectuate service of

process to March 24, 2023, and admonishing Plaintiff that failure to properly serve any Defendant by that deadline would result in dismissal without prejudice upon that Defendant's re-urging. Doc. 16. To date, however, summonses have not been returned as executed. Defendants thus renew their motion to dismiss Plaintiff's claims for insufficient service of process under Rule 12(b)(5). Doc 17 at 3. Plaintiff has not filed a response.

## II. ANALYSIS

For service to be effective, plaintiffs are expected to comply with the mandates of Federal Rule of Civil Procedure 4. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (finding that *pro se* litigants are not exempt from compliance with the rules of service). Without proper service of process, the court lacks personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Rule 12(b)(5) permits a challenge to the method of service attempted by a plaintiff or to the lack of service. *See* FED. R. CIV. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x. 321, 323 (5th Cir. 2012).

When service of process is challenged in a Rule 12(b)(5) motion, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (Rutherford, J.) (citation omitted), *adopted by* 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) (Scholer, J.). To establish good cause, the non-movant must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citation omitted). Further, "a plaintiff's

*pro se* status does not excuse the failure to properly effect service." *Lyons*, 2020 WL 5732638, at *5 (citation omitted).

Here, the Court extended Plaintiff's deadline to properly serve Defendants to March 24, 2023, yet to date, Plaintiff has failed to effect service of process on any Defendant or respond to the motion *sub judice*. Thus, dismissal of this case is warranted. *See Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *3 (N.D. Tex. June 28, 2013) (Lynn, J.) (dismissing case without prejudice when *pro se* plaintiffs failed to respond to defendant's Rule 12(b)(5) motion or did not demonstrate good cause for their failure to effect service, despite the court's 21-day extension to effect proper service).

### III.  CONCLUSION

For the foregoing reasons, *Defendants Holman, Smith and City of Forney's Renewed 12(b)(5) Motion to Dismiss for Insufficient Process*, Doc. 17, should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on June 22, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).